In re CENTER COURT APART-
MENTS, Inc.

No. 19640.

District Court, W. D. Pennsylvania.
Dec. 31, 1937.

676

Arthur D. Gatz, Aaron M. Jaffe, and Benj. L. Steinberg, all of Pittsburgh, Pa., for William Eger and Elmer Breyer, intervening bondholders.

W. W. Stoner, Thos. N. Griggs, and Maurice Chaitkin, all of Pittsburgh, Pa., for debtor.

Harold L. Rothman, of Pittsburgh, Pa., for Investors Management Corporation.

Arthur Douglas and Root, Clark, Buckner & Ballantine, all of New York City, for Real Estate Bondholders' Protective Committee.

Wise, Shepard, Houghton & Hoffmann, of New York City, for Continental Bank & Trust Co. of New York.

GIBSON, District Judge.

A number of petitions have been filed wherein compensation is claimed for services rendered in connection with the reorganization of Center Court Apartments, Inc., and payment of expenses incurred by the petitioners. The total amounts requested are greater than the fund available for payment of the claims, and this fact requires the court to scrutinize the amounts with some care.

■ J. M. Stoner & Sons and Thomas N. Griggs, Esq., represented the debtor throughout and were originators of the plan which was jointly submitted by the debtor and the Real Estate Bondholders' Protective Committee. While the plan was not the one ultimately adopted, its promulgation led to the final result. No allowance is claimed for the debtor. The services of counsel continued over a considerable period, and the compensation claimed by them, with their expense, will be allowed.

■ The Continental Bank & Trust Company of New York, trustee under the first mortgage, has claimed $522.89 for services as trustee, and $391.18 as depositary. These amounts will be allowed, as will be the expenses claimed, $107.45 and $73.40.

■ The counsel for the trustee bank, Wise, Shepard, Houghton & Hoffmann, have also claimed compensation. The court regrets that it feels that this claim must be scaled down somewhat. It feels that the sum of $1,000 is a proper one for allowance in the instant proceeding.

■ Maurice Chaitkin, managing agent of the Center Court Apartments, has claimed $1,375. Of this amount $400 is asked as additional compensation as agent, $400 for compensation for extra work, and $675 as special compensation for obtaining a settlement with the state of Pennsylvania upon a tax claim, and $50 as expense in connection with the tax claim. As the claimant had a definite contract with the mortgage trustee, the court feels that it should not, in the face of objection, increase the contract allowance per month. Undoubtedly the reorganization proceedings caused considerable extra work, and his services in the compromise of the tax claim were valuable. An allowance of $850 will be made him, of which amount $50 is for expense.

■ The Real Estate Bondholders' Protective Committee has asked a compensation of $1,500 for services, and $3,110.43 for expenses. The committee joined with the debtor in the first plan filed, and continued to advocate its adoption in opposition to the final plan until the joint plan was rejected, when it accepted the adopted plan. The committee was one organized in New York to interest itself in S. W. Strauss & Co. bond issues. The amounts claimed for the committee, through its counsel, will be allowed.

■ Counsel for the committee, Root, Clark, Buckner & Ballantine, have claimed an amount which, we regret to say, must be reduced. While not wanting to decry greatly the labors of counsel, we must not forget that counsel did not represent the proponents, but for a considerable time the opponents, of the final plan. Nevertheless the committee, through its counsel, was of service, in that it aided in the inception of attempts to reorganize. The court feels that the claim as filed must be scaled down, however, and that the amount awarded should be $3,000.

■ The Investors Management Corporation has also filed a claim for reimbursement of funds expended. It came late into the proceeding—and largely self-propelled. It did claim to represent a very small part of the total bond issue, and was permitted to intervene. Its efforts were directed against both the debtor's plan and that finally adopted. The benefit which accrued, if any, resulted from its opposition to the debtor's plan. It was allowed to intervene, and its counsel was heard in the hearing upon the debtor's plan and subsequently thereto, and the court feels that it may properly allow a part of the expenses requested,

the amount claimed for traveling expense and telephone. The third item claimed, printing, postage, and overhead, unitemized, is too indefinite for allowance.

The doubts which have assailed the court in respect to the propriety of any allowance to the Investors Management Corporation are somewhat reflected in the consideration of its counsel's claim. Harold L. Rothman, Esq., did appear in the matter and was heard in opposition to the debtor's plan, and in his appearance in opposition to the present plan, suggested certain minor modifications which later appeared in it. An allowance of $250 will be made him.

Messrs. Breyer and Eger, large bondholders and proponents of the present plan, have asked for an allowance of $1,961.50, of which amount $1,000 is for an amount paid to attorneys. This amount will be allowed; the $1,000, however, to be considered in fixing the compensation of the attorneys for these bondholders.

Jaffe, Gatz, and Steinberg, Esqs., represented the majority of the bondholders who opposed the debtor's plan and advocated the present one. They will be awarded the sum of $6,500 as compensation for their services, and $235.48 for expense.